From the Eastern District of Arkansas, Johnny Banks v. Shelby Hawkins. Ms. Monahan. May it please the court, I'm Sarah Monahan, attorney for the appellate Shelby Hawkins. This case is an interlocutory appeal from the Eastern District Court of Arkansas's denial of qualified immunity to officer Shelby Hawkins in case number 18-259. Pursuant to Eighth Circuit precedent in deciding an interlocutory appeal from a denial of qualified immunity such as this, this court is constrained by the version of facts that the district court assumed or likely assumed to the extent that that version is not blatantly contradicted by the record. That is, no reasonable jury can believe it. Here, the facts as the district court determined them to be are clearly set out beginning on pages 624 of the appendix and the appellee is not cited to any evidence in the record which blatantly contradicts those facts, nor has the appellee argued that any of those facts were blatantly contradicted by the record. Therefore, this court is now constrained by those facts that were determined by the district court. Specifically, the district court determined that the appellee Johnny Banks and his wife Vanessa had a heated argument in their home over an anonymous letter she received accusing him of infidelity and Vanessa then called 9-1-1. Although Vanessa failed to speak to the 9-1-1 operator, the operator could hear yelling in the background and Shelby Hawkins was dispatched to the Banks' home to investigate a domestic disturbance in the 9-1-1 hang up call. When he arrived, Hawkins knocked on the door and announced his presence multiple times but his knocks went unanswered. Hawkins heard noises and what he described as muffled nose from inside the residence and he then pulled his gun and began kicking the door. When Mr. Banks did open the door, Officer Hawkins was instantaneously struck in the head and Hawkins then shot Banks in the leg. The district court went on to inaccurately state that there were conflicting versions of the events which led Officer Hawkins to shoot Mr. Banks and the district court erroneously pointed to two facts that the district court claimed were in dispute. The parties are not in fact in disagreement over those two facts. Number one, the district court noted that Officer Hawkins claimed that he heard multiple muffled screams which led him to believe a domestic disturbance was taking place inside the residence and this was based on undisputed testimony from Officer Hawkins which can be claimed that the fact was in dispute because Mr. Banks asserted that Hawkins heard a noise and not a voice but again the parties are not in disagreement on that issue. On page 15 of the appellee's appendix, Mr. Banks alleged in paragraph 17 in his statement of undisputed facts that Shelby Hawkins heard what he described as muffled no no no coming from inside the residence. So even the appellee alleges that this is an undisputed fact in the record and Is that the only slice though that's undisputed in terms of what the officer heard that it was something that sounded like no no no? It seems to me there's a lot of dispute about what was heard whether they were human voices whether they were just noises. It's not undisputed that Officer Hawkins heard alarming noises from inside the home. It's undisputed that he heard both noises and muffled no no no's coming from inside the residence that he thought sounded like a woman being strangled or her voice being muffled. Well when you add that on to it, did he testify to that and did Mr. Banks agree that it sounded like someone being strangled? Is that undisputed? He did testify to that fact and that is not disputed anywhere in the record. It's undisputed that the noises that he heard coming from inside the residence were muffled no no no's and other noises that he found to be alarming. That's what's undisputed and that's what the district court determined was relevant and not disputed for purposes of determining the objective reasonableness of the shooting of Mr. Banks. Counsel, I want to ask you about what My understanding is that it is undisputed that Banks was somewhat aggressive when the door was open. It was yanked open pretty forcefully and he apparently either yelled or said in a loud voice who the who the fuck is this? Is that disputed at all in the record or is that undisputed? That is undisputed in the record and that was the other point that the district court just inexplicably erroneously determined was in dispute. It's on page 465 and 466 I'm sorry 466 of the appellant's appendix that Mr. Banks in fact testified himself that after stating who the f is this he opened his door with force with his left hand while again that was his own testimony. So that point is undisputed for purposes of this appeal as well. Okay because I know the parties and the reason why I asked that is because the parties seem to say well Banks wasn't acting aggressively but I mean if that's undisputed there's at least some element of aggression that's that's that's undisputed range or maybe anger or disgust or frustration whatever the case may be that seems to be undisputed here. Yes his demeanor when he opened the door is certainly undisputed because it comes directly from his own testimony and I do believe an objectively reasonable officer in Officer Hawkins's shoes facing that kind of behavior would believe that Mr. Hawkins was taking an what hit officer Hawkins in the head now I know there's some suggestion maybe it's not maybe maybe that's disputed as well that it was like a what was a not a light a metal sign of some sorts that hit him in the head that they found later or something like that but is that something that that we know for sure from from this record. It is it is still unknown what actually struck Officer Hawkins in the head. There was some evidence from the state police that it was possible that it could have been the metal sign that was hanging on the doorway and when Mr. Banks indisputable indisputably opened the door with force that caused the sign to strike Officer Hawkins in the head but no we still don't know what actually struck Officer Hawkins in the head but again it would be objectively reasonable for an officer an officer Hawkins position to believe that he was under attack once he was struck in the head by the unknown object. Did the officer testify that being struck on the head caused him to to to feel like he was given his visual of Mr. Banks in front of him? Do I have the record wrong there? Yes I believe that Officer Hawkins testified given the state of Mr. Banks demeanor as the door opened the fact that he was struck in the head even though he did testify he did not know what struck him in the head and then given Mr. Banks demeanor even immediately after he was struck in the head he did believe that he was under attack and he believed that he was in a position for his firearm to be overtaken. And you say he was in a position to be under attack that that's not quite the standard though right you have to in order to use deadly force you use a firearm to probable cause to believe that he is in there is a danger of death or physical injury is that are you equating that with the with the standard that you're you're proposing here under attack? Well the appropriate standard pursuant to Morgan B. Cook which we cited in our brief is whether an objectively reasonable officer officer Hawkins positioned had probable cause to believe that Mr. Banks posed an immediate threat of serious physical harm to Officer Hawkins or Vanessa Banks in this situation. Okay and I'm and I my question is is that what you mean by under attack I'm I'm trying to put in put that phrase in you said it a few times I'm trying to place that in the analysis here what you mean by under attack? Well take the facts of Morgan B. Cook for instance in that case it's an Eighth Circuit case where two police officers had been dispatched in response to a domestic disturbance when Officer Cook arrived the suspect Mr. Morgan was already outside on the front porch and the victim Miss Jackson came outside informed Officer Cook that Mr. Morgan had a knife and Officer Cook could be the suspect then observed that Mr. Morgan was attempting to conceal a kitchen knife Officer Cook then drew his gun and pointed it at Mr. Morgan and told him to drop the knife instead of dropping the knife Mr. Morgan stood up raised his leg as if to take a step in Officer Cook's direction and Cook then fired a shot and hit Morgan in the chest and the Eighth Circuit ultimately upheld the district court's grant of qualified immunity to Officer Cook in that case holding that his actions were objectively reasonable noting that the evidence showed that Mr. Morgan lifted his foot as if to take a step in the general direction of Officer Cook and it also noted what it characterized as a minimal distance between Officer Cook and Mr. Morgan of 6 to 12 feet and so I think just looking at the facts of that case given the totality of the circumstances in our case the circumstances that Officer Hawkins faced were even more severe and more rapidly evolving than the officer in Morgan v. Cook in Morgan v. Cook they said merely the fact that that Mr. Cook raised his leg as if he were going to move in the officer's direction when the distance between them was 6 to 12 feet was enough to justify I guess an objectively reasonable officer's belief that he was creating a serious threat of physical harm to the officer and here it was undisputed that that Officer Hawkins was 42 inches from Mr. Banks and he had already been struck in the head by an unknown object I mean he the officer in Cook v. Morgan feared that he was about to be under attack but here the attack had already occurred. Can I ask you about that point which is um and the 36 inches in particular which is um I think opposing counsel talks about well Hawkins should have had a flashlight and it was what I'm wondering is was it dark and could Hawkins actually see Banks clearly or was it well lit I'm just trying to figure out the relevance of flashlight in terms of the distance between them and what Hawkins could see. There is no relevance to the flashlight it was dark and it all happened instantaneously it was rapidly evolving again it's undisputed that Mr. Banks took the the posture that he took when he opened the door and the district court determined that Officer Hawkins was instantaneously struck in the head um I mean the fact whether or not he had a flashlight in his hand is not relevant or material um to the objective reasonableness of his response in that. Yeah I'm just trying to figure out if it's dark so did he for instance it's different if for example you see that he's got both that Banks has both hands up and I know that's not this case but if you can't see that he has both hands up and you get hit in the head that's a different situation than being able to see clearly that he has both hands up so I'm just trying to figure out the extent to which it was dark because of this this issue that was introduced about the flashlight and it sounds to me is there undisputed evidence that it was dark at the time it was tough for Hawkins to see Banks or could Hawkins see Banks clearly. It was undisputed that it was dark um the way the house is built there was a long dark corridor leading up to the doorway and that coupled with the fact that it all happened so instantaneously he didn't have time he made he had to make a split-second decision um on the force that he was going to use and I think the fact that it was dark coupled with just the instantaneous um timing of everything just lends itself towards the objective reasonableness of his actions and looks like I'm almost out of time so. Thank you counsel. Mr. Kane we're pleased to court my name is Terrence Kane and I represent Johnny Banks. Your honor there are over a thousand pages of material in this record and nowhere in that thousand pages does the word strangle or any effect or any variation of that word appear that came up for the first time today moreover it is certainly disputed how what happened with Mr. Banks. Mr. Banks and his wife both gave depositions and they both said multiple times that as soon as Mr. as soon as Mr. Banks opened the door officer Hawkins shot. Mr. Banks said in his depositions on page 35 of Mr. Banks's appendix that I opened my door it was almost like a string tie from my door handle to the trigger of this gun because as soon as I opened the door I felt it and I heard it. He says he says again on page 41 of the of Johnny Banks's appendix when I opened the door I felt the shot that was the first thing but that's what Banks says Trey she called her husband Trey. Have you ever seen like a comedy show where somebody walks through a door and as soon as the door opens the pill is set up and that pill just flips over water on top of them. It's like it was almost like our door was booby-trapped the minute the door opened that gun like literally just shot. She says again Ms. Banks when he opened the door his hand went up and then Mr. Banks's hand the gun went off that's the only thing I know and then finally in a colloquy between Ms. Monaghan and Mrs. Banks. Mrs. Monaghan says as soon as he opened the door slapping hand the shot. Then Mrs. Banks said ma'am I know what I said and that's what I said when he opened the door is when he got shot. He's trying to make it like he opened the door and did this demonstrating with his hand when he opened the door he was immediately shot and that was her testimony and deposition. Neither Mr. Banks nor Mrs. Banks said anything about uh uh uh angrily uh anger and emotion towards uh officer uh Hawkins and in fact here's what officer Hawkins said he said his what he saw in response to Judge Strauss's question and this is officer Hawkins quote. He felt a sharp pain in his head and was dizzy and the blinding lights from the door being opened from the inside the residence you can see from here a silhouette of a person standing in the entry like charge manner from uh officer Hawkins so he come back and at this point in time he felt like that he was going to go down as far as being struck in the head that's when he come up and saw him again and it appeared that he was closer that's when he fired his pistol. In other words officer Hawkins tried to kick his way into this residence. Mr. Banks opened the door officer Hawkins gets hit in the head with something nobody knows but he sees a silhouette and he shoots at the silhouette. Officer Hawkins cannot articulate any specific act that Mr. Banks took that could be objectively described as a an immediate threat to his life or anybody else. What is what is the Mr. Kane what does the record uh say about um what Mr. Hawkins or officer Hawkins saw about with Mr. Banks's hands? What is the record on the location of and visibility of his hands? Officer Hawkins said he couldn't see anything but a shot a silhouette and a bright light. This is thanks testified that Johnny Banks opened the door with his left hand he was right hand went up as he braced himself to fall from the shot that was the hands uh it's not even a debate if you get the deposition his mother tried her best to reframe his hand being raised that raised the break was all as if that was a he raised his hand in aggression to do something to officer Hawkins. So you have Mrs. Banks and Mr. Banks deposition testimony that soon as the door opened he gets shot. You have officer Hawkins testimony also be a deposition. He was shot at a silhouette a shadow because of the bright lights and being hit in the head it was scary and that's not a concession or a a a an admission that it's undisputed that Johnny Banks was in an aggressive posture or that Johnny Banks attacked officer Hawkins. In fact the word attack appears nowhere in this record that comes up for the first time today as well. There's nothing about Johnny Banks attacking anybody or Johnny Banks acting in an having an aggressive demeanor. Is there any dispute though about about what I asked opposing counsel which is that um when he opened the door um he opened it with force and said who the fuck is this is that is that undisputed? It is good and it but it's ultimately irrelevant in his insofar as this opening a door quickly or harshly and using profanity does not establish that the person who did that poses an immediate threat of death or serious physical injury to the person who's on the other side of the door. Mr. McCain the um the statement uh the who the f is this is is it in the record whether Mr. Banks said that before he opened the door or as he was opening the door or does it matter? Um I don't think it matters it's not entirely clear that precise timing I don't think it matters because uttering a profanity when someone is kicking at your door uh three times and and uttering a profanity that doesn't do anything to establish the legally relevant point is does the utterance of that profanity and opening the door translate to you're posing an immediate threat of death or serious physical injury to the person on the other side of the door? But then you have then you have something hitting him in the head so after after there's a an angry tone whatever it is a forceful tone whatever you want to call it you have him immediately getting hit in the head with something. Now I understand your position is Banks didn't do and there's no evidence Banks did that right I mean there's no evidence at all but if you're a reasonable officer you think to yourself oh my gosh you know I'm coming to a domestic disturbance call there's a 9-1-1 I went around the house I heard something I don't know what I heard but I heard something inside and then I have him opening the door in a forceful voice and and pulling it open and then I get hit in the head and from the viewpoint of a reasonable officer you don't think that would at least put that put him in fear that there could be some serious physical injury for him? There's a continuum and the continuum may move pretty quickly he was he was he was hitting the head and then he saw a silhouette. Now my position is simply seeing a silhouette is not enough to just start shooting there could have been a child there could have been an animal there could have been an elderly person it was just a silhouette because he says in his own words that he saw a silhouette and this and then he shot out of shock fear anxiety what have you as a consequence of bright lights and being hit in the head he sees a silhouette and he shoots that much is undisputed. Now the question is okay if you were to ask him what precisely were you shooting at officer Hawkins he would have to tell you a silhouette a shadow not somebody some person who at the time he discharged his firearm posed an immediate threat of death or serious injury to officer Hawkins or to anybody else. This was a shoot first ask questions later scenario he shot out of fear subjectively speaking his fear was authentic but that's not the standard by which we assess the propriety or lack thereof of his use of force in this case. Now again there's the word attack that is from Mr. Banks to Mr. Hawkins appears nowhere in his record neither does the word strangle and what this is not your honors this is not a case where Mr. Banks is arguing that there was an unlawful entry into his home okay now he says that that officer Hawkins was outside his home for some amount of time and didn't hear anything that but assume there was you have an emergency aid exception to the warrant requirement that would allow him to go in without a warrant to see if it is indeed the case that somebody's in peril that would perhaps authorize his kicking at the door several times to try to get in but again once that door opened no matter how quickly I mean I don't know what it means to violently open the door that's being kicked at in the first place if somebody's kicking at a door and those kicks don't succeed in opening the door then someone on the other side if you could barely move it and when it's being kicked the door's going to open with a lot of force so it's specious the idea that this door opened with force and that force is attributable to Johnny Banks that force is attributable to the fact that officer Hawkins was kicking at the door trying to get in now Judge Strauss asked about the flashlight one I was trying to demonstrate that this officer did everything wrong there was nothing that he could do if he's complaining about he couldn't see anything then he had the ability to fix that by using his flashlight okay but okay the flashlight one could say that's a collateral matter I get that it does show that in the qualified immunity doctrine this was a plainly incompetent officer okay nonetheless he what if he couldn't say that that stretches the argument that you didn't shoot because you were in imminent peril of being harmed or killed you didn't know what you were shooting at you were just shooting in the wild and again this could have been a child elderly person an animal who knows it could have been a it could have been a reflection from a television uh being on and the light from the television flashing against the wall he shot at a silhouette and that silhouette was Mr. Banks and he injured him severely so the fact that Judge Miller was correct officer uh Miss Monaghan is positive that Shelby Hawkins feared for his life and safety okay that's an argument Shelby Hawkins has made because according to her theory uh Mr. Banks raised his hand in what was an aggressive manner you won't find anywhere in this record your honors where Johnny Banks concedes that admits that or doesn't dispute that or take the money from himself Johnny Banks from his wife open the door shot immediately now resolving that dispute it is not a question of abstract legal exercise rather that's a question of credibility that a finder of fact has to decide I maintain this court doesn't have most favorable to Johnny Banks you have to believe Johnny Banks and Vanessa Banks that yes as soon as Johnny Banks opened the door Shelby Hawkins shot him you have that that's a material fact how what did Mr. Banks do or not do when he opened that door that is the crux of the matter regarding Shelby Hawkins's authority to use lethal force and this must be best case counsel so we take all facts in favor of uh Mr. Banks and including Vanessa Banks's testimony what's your best or closest case to this I know you've cited three of them in the brief what do you think is your best case that um that would show a reasonable officer you know that basically you should have been doing this Ellison versus Lesher that case also involved in a a forced entry into a home involving an that the deceased uh Mr. Ellison got the cane and was about to use it uh against the officers uh and the officers shot him that case came up on an interlocutory appeal and this court found rightly that whether uh Mr. Ellison was actually had the cane in his hand whether he used it in hand and I will agree on this I searched for domestic calls to for domestic disturbances I look for a case on identical facts because I'm very much aware that you got you need a case on fairly close facts if not identical even though Hope versus Pelzer say you don't have to have identical and I was I would concede that on it depending on how narrowly you want to slice identical well identical is identical I had I didn't find a case on identical facts that is an officer tried to force his way into a home something hits him in the head and he don't know what hit him in the head he doesn't know what hit him in the head he sees a shadow or a silhouette he shoots at the silhouette and it ends up being a person who was unarmed now I didn't find a case and I look on those precise facts perhaps because it's an obvious case that you don't get to shoot at a silhouette because you're scared even if something does hit you in the head you have to be well trained enough you have to be skilled enough to take perhaps another fraction of a second or maybe a full second and I don't know things are dangerous and fast moving to at least know you're shooting at something that you can articulate under oath and to a court or to a jury this individual this person posed an immediate threat of death or serious injury to myself or to somebody else therefore I discharged them so I think the three domestic relations cause cases that I cited Thompson versus Deal which was after this case but relying on the same principle that's from 2019 Cole versus Hutchins a district court case uh Judge Leon Holmes February 22nd 2019 and Ellison versus Lesher those were those are all cases involving the domestic violence cause and in fact there's even one uh a case um from this court uh when Judge Erickson was sitting by designation and she wrote that even with the domestic relations call once you get on the scene you're not free to ignore changing situations you have to be uh flexible enough and recognize that the situation is fluid and things might change and your conduct might have to change your honor my time is at zero so I know I have to zip it all right any other questions for Mr. King well thank you uh for your argument and um Monann we've got a few minutes oh 11 seconds any quick response yes and Ellison v. Lesher um the district court actually determined that uh the victim um Mr. Ellison was actually shot while merely standing in his apartment and not holding a cane so that that case is clearly factually distinguished from the present case that's all that well thank you both for your arguments and being willing to appear by video here for court this afternoon and we will take the case under advisement thank the court I thank the court for its time thank you